UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOHN M. GOODFELLOW and JILLIAN M.
GOODFELLOW,

                        Plaintiffs,

      v.

ALLSTATE INDEMNITY COMPANY
ALLSTATE INSURANCE COMPANY,

                        Defendants.

**DECISION AND ORDER**
14-CV-642S

## I.  INTRODUCTION

Plaintiffs commenced this action in New York state court in June 2014.  Plaintiffs'

single breach of contract claim arises from Defendant Allstate Indemnity Company's March

28, 2014 denial of an insurance claim for Plaintiffs' loss from an August 18, 2013 fire to

their West Seneca property.  Defendants removed the matter to this Court in August 2014

on diversity jurisdiction grounds.  Presently before this Court is Defendants' motion to

partially dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

Plaintiffs have also cross-moved to amend the Complaint to allege a prima facie tort claim

as well as a breach of contract claim.

For the reasons below, Defendants' motion to partially dismiss is granted and

Plaintiffs' cross motion to amend is denied.

## II.  DISCUSSION

In considering a motion to dismiss for failure to state a claim pursuant to Rule 12

(b)(6), this Court must accept all factual allegations in the complaint as true and make all reasonable inferences in Relator's favor.  ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007).  In order to survive such a motion, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)); ATSI Commc'ns, Inc., 493 F.3d at 98. This assumption of truth applies only to factual allegations and is inapplicable to legal conclusions.  Iqbal, 556 U.S. at 678.  In determining whether dismissal is warranted, a court is also entitled to consider, as relevant here:

> (1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint, (4) . . . , and (5) facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence.

In re Merrill Lynch & Co., Inc., 273 F. Supp. 2d 351, 356-357 (S.D.N.Y. 2003)(footnotes omitted), aff'd 396 F.3d 161 (2d Cir. 2005), cert denied, 546 U.S. 935 (2005); see Weiss v. Inc. Vill. of Sag Harbor,  762 F. Supp. 2d 560, 567 (E.D.N.Y. 2011). Nonetheless, "a plaintiff may not shore up a deficient complaint through extrinsic documents submitted in opposition to a defendant's motion to dismiss." Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria, 265 F.R.D. 106, 122-23 (S.D.N.Y. 2010) (citing Wright v. Ernst & Young LLP, 152 F.3d 169, 178 (2d Cir. 1998)).[1]

---

[1]Because the factual affidavits submitted by Plaintiffs are largely unresponsive to the issues raised in Defendants' motion, they would not have been relevant even if properly considered.

Defendants move to dismiss the Complaint with respect to: (1) all claims against Defendant Allstate Insurance Company; (2) any claim for punitive damages based on Defendants' alleged bad faith conduct; and (3) any claim for attorneys' fees and litigation expenses. Plaintiffs concede that Defendant Allstate Insurance Company must be dismissed from this action, as only Defendant Allstate Indemnity Company was a party to the relevant insurance contract. (Pl's Mem in Opp'n at 6, Docket No. 12-4.) They otherwise oppose Defendants' motion, and cross-move for leave to amend their complaint to add a prima facie tort cause of action.

## A.      Punitive Damages and Prima Facie Tort

Plaintiffs allege in their Complaint that Defendant Allstate Indemnity Company acted in bad faith by failing "to timely and with good cause disclaim and to adjust the Plaintiff[s'] loss in good faith," resulting in a breach of the governing insurance contract. (Compl ¶¶ 18-20.) They assert that, as a result, they:

> have been damaged beyond the limit of Defendant's coverage in the sum of $144,022.12 for the dwelling, $56,925.63 for the personal property and $26,746.43 for additional living expenses.  Plaintiffs also claim an unliquidated sum for additional items covered by the policy.  Finally Plaintiffs claim exemplary, punitive, incidental and consequential damages in an unliquidated sum.

(Compl ¶ 21.)

As Defendant recognizes, under New York law,[2] "damages arising from the breach of a contract will ordinarily be limited to the contract damages necessary to redress the

---

[2]In the absence of a contractual obligation of the parties to the contrary, the substantive law of the forum state is applied in diversity cases. General Star Nat. Ins. Co. v. Universal Fabricators, Inc., 585 F.3d 662, 669 (2d Cir. 2009).  Further, the parties implicitly agree that New York law controls, which is sufficient to establish a choice of law. Krumme v. WestPointe Stevens Inc., 238 F.3d 133, 138 (2d Cir. 2000).

private wrong, but . . . punitive damages may be recoverable to vindicate a public right."
New York Univ. v. Continental Ins. Co., 87 N.Y.2d 308, 315, 662 N.E.2d 763 (1995) (citing
Rocanova v. Equitable Life Assur. Soc'y, 83 N.Y.2d 603, 634 N.E.2d 940 (1994)).  Such
"limited circumstances" include conduct "that may be characterized as gross and morally
reprehensible, and of such wanton dishonesty as to imply a criminal indifference to civil
obligations." New York Univ., 87 N.Y.2d at 315-16 (internal quotation marks and citations
omitted).   Nonetheless, where punitive damages are sought as an additional and
exemplary remedy for a claim arising from a breach of contract, a tort independent of the
contractual breach must be identified.  New York Univ., 87 N.Y.2d at 316; Wrap-N-Pack,
Inc. v. Kaye, 528 F. Supp. 2d 119, 124-25 (E.D.N.Y. 2007); see also Carvel Corp. v.
Noonan, 350 F.3d 6, 16 (2d Cir. 2003) (a contractual breach may not be considered a tort
unless a legal duty independent of the contract is violated); Clark-Fitzpatrick Inc. v. Long
Island R.R. Co., 70 N.Y.2d 382, 389, 516 N.E.2d 190 (1987) (same).

Plaintiffs concede that the present Complaint fails to state a claim for punitive
damages and seek to rectify this by filing an amended complaint expressly stating a prima
facie tort claim.  (Pl's Mem in Opp'n at 10.)  They allege in the proposed amended filing
that "[a]n Additional Living Expense was promptly made available to Plaintiffs by the
Defendant following the August 18, 2013 fire" which helped defray living expenses while
they were unable to reside in their damaged home. (Prop Am Compl ¶ 23, Docket No. 12-
3.) Plaintiffs assert that Defendant intentionally inflicted harm on them by its accusations
that they deliberately committed arson and filed false statements in relation to their
insurance claim. (Id. ¶¶ 21-25.)  This conduct allegedly:

caused the Plaintiffs to experience special damages by Defendant's failure

4

> to disclaim [*sic*] coverage, and in Defendant's refusal to continue to pay the Additional Living Expense that was promptly made available to Plaintiffs following the August 18, 2013 fire, as well as those damages caused directly by the fire, without excuse or justification, and by an act or series of acts that would otherwise be lawful.

(Id. ¶ 26.)

To state a claim for prima facie tort, a plaintiff must allege "(1) the intentional infliction of harm, (2) which results in special damages, (3) without any excuse or justification, (4) by an act or series of acts which would otherwise be lawful" Freihofer v. Hearst Corp., 65 N.Y.2d 135, 142-43, 480 N.E.2d 349 (1985); see Posner v. Lewis, 18 N.Y.3d 566, 570 n. 1, 965 N.E.2d 949 (2012). Although a prima facie tort may be pleaded in the alternative with a traditional tort, it is not a catch-all alternative for every cause of action which cannot stand on its own. Curiano v. Suozzi, 63 N.Y.2d 113, 117-18, 469 N.E.2d 1324 (1984); Burns Jackson Miller Summit & Spitzer v. Lindner, 59 N.Y.2d 314, 333, 451 N.E.2d 459 (1983). Further, no recovery under this theory is permissible " 'unless malevolence is the sole motive for defendant's otherwise lawful act or, in [other words], unless defendant acts from disinterested malevolence' " Posner, 18 N.Y.3d at 570 n. 1 (quoting Burns Jackson Miller Summit & Spitzer, 59 N.Y.2d at 333).

Defendant is correct that Plaintiffs have failed to sufficiently plead special damages. "[S]uch damages must be alleged with sufficient particularity to identify actual losses and be related causally to the alleged tortious acts." Luciano v. Handcock, 78 A.D.2d 943, 944, 433 N.Y.S.2d 257 (N.Y.A.D. 3d Dep't 1980). The only identified tortious act separate from the breach of contract itself is Defendant's purported false accusation. However, Plaintiffs do not identify any damages that resulted from this act as opposed to Defendant's denial of the insurance claim generally. A plaintiff cannot avoid the restrictions upon damages

for breach of contract claims by recasting the breach as a tort. United States *ex rel* Evergreen Pipeline Const. Co. v. Merritt Meridian, 95 F.3d 153, 161-62 (2d Cir. 1996) (affirming dismissal of prima facie tort claim where the only specific damages pled were duplicative of contract damages).   This failure to sufficiently plead special damages warrants dismissal of the claim. See Freihofer, 65 N.Y.2d at 142-43.

Further, as Defendant argues, the proposed amended complaint fails to allege that "disinterested malevolence" was Defendant's sole motivation in falsely accusing Plaintiffs. See Phillips v. New York Daily News, 111 A.D.3d 420, 421, 974 N.Y.S.2d 384 (N.Y.A.D. 1st Dep't 2013).   Accordingly, the additional cause of action asserted in Plaintiffs' proposed amended complaint would be subject to dismissal, and as such granting leave to file an amended complaint would be futile.   See Dougherty v. Town of North Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002); McKinney v. Eastman Kodak Co., 975 F. Supp. 462, 465 (W.D.N.Y. 1997).   Plaintiff's cross-motion is therefore denied, and the Complaint is dismissed to the extent it seeks exemplary or punitive damages based on Defendant's alleged bad faith conduct.

## B.    Attorneys' Fees and Litigation Costs

Defendant further argues that the Complaint must be dismissed to the extent Plaintiffs seek attorneys fees, costs, and litigation expenses as a form of consequential damages.   Initially, to the extent that Plaintiffs seeks these fees and costs as a portion of the punitive damages sought, as stated in the Complaint's "wherefore" clause, such a claim must be dismissed for the reasons stated above.   Further, "it is 'well settled [under New York law] that an insured cannot recover his legal expenses in a controversy with a carrier over coverage, even though the carrier loses the controversy and is held responsible for

6

the risk.' " Liberty Surplus Ins. Corp. v. Segal Co., 420 F.3d 65, 67 (2d Cir. 2005) (quoting

Employers Mut. Cas. Co. v. Key Pharms., 75 F.3d 815, 824 (2d Cir. 1996)).  As Defendant

argues, the Second Circuit has expressly recognized that the narrow exception to this rule

applies only where the insured has been cast in a defensive posture by the insurer's

attempt to free itself of its *duty to defend*. New York Marine & Gen. Ins. Co. v. Lafarge

North America, 599 F.3d 102, 128 (2d Cir. 2010); Liberty Surplus Ins., 420 F.3d at 67.

Further, because Plaintiffs commenced the instant action, they have not been "cast in a

defensive posture by legal steps" taken by Defendant.  Village of Springville v. Reynolds,

61 A.D.3d 1353, 1354-55 (N.Y.A.D. 4th Dep't 2009) (quoting U.S. Underwriters Ins. Co. v

City Club Hotel, LLC, 3 N.Y.3d 592, 597, 822 N.E.2d 777 (2004)); see Mighty Midgets, Inc.

v. Centennial Ins. Co., 47 N.Y.2d 12, 21, 389 N.E.2d 1080 (1979). Finally, Plaintiff does

not allege that the insurance policy itself provides for the recovery of fees and costs. The

Complaint is therefore further dismissed to the extent Plaintiffs seek to recover attorneys

fees, costs, and litigation expenses.


## III. CONCLUSION

In light of Plaintiffs' concession, the Complaint is dismissed in its entirety as against

Defendant Allstate Insurance Company.  The Complaint is further dismissed as against the

remaining Defendant, Allstate Indemnity Company, with respect to Plaintiffs' claims for

punitive damages, attorneys fees, costs, and litigation expenses as stated above.

## IV. ORDERS

IT HEREBY IS ORDERED that Defendants' Motion to Dismiss (Docket No. 8) is GRANTED and the Complaint is dismissed to the extent stated above;

FURTHER, that Defendant Allstate Insurance Company is dismissed from this action;

FURTHER, that Plaintiffs' Cross-Motion to file an Amended Complaint (Docket No. 12) is DENIED.

SO ORDERED.

Dated: December 27, 2014
     Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court
